Alfredo SALEM; Maria Salvacion Salem; Sarah Maria Salem–Solomon; Alfred Jefferson Salem–Solomon; Jefferson Herald Salem–Solomon; James Michael Salem–Solomon, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71632.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided June 17, 2004.

Alfredo Salem, Phoenix, AZ, pro se.

Maria Salvacion Salem, Phoenix, AZ, pro se.

Sarah Maria Salem–Solomon, Phoenix, AZ, pro se.

Alfred Jefferson Salem–Solomon, Phoenix, AZ, pro se.

Jefferson Herald Salem–Solomon, Phoenix, AZ, pro se.

James Michael Salem–Solomon, Phoenix, AZ, pro se.

Dorothea P. Kraeger, Esq., Dorothea P. Kraeger, P.C., Phoenix, AZ, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Office of the District Counsel, Phoenix, AZ, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., Sergio A. O'Cadiz, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM **

Alfredo Salem, his wife, and their four children (petitioners) petition for review of the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's denial of their applications for asylum and withholding of removal. Mr. Salem, the lead petitioner, is a native and citizen of the Philippines. The claims of his wife and children are derivative of his application.

■ Substantial evidence supports the BIA's determination that the petitioners did not establish past persecution or a well-founded fear of persecution if they returned to the Philippines. Although petitioners testified credibly regarding the anonymous telephone death threats, unfulfilled threats, without more, are generally viewed as conduct indicative of a danger of future persecution, rather than as past persecution. *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). There is no compelling

evidence that petitioners are of continued interest to the unknown persons who made the telephone death threats or that petitioners would be singled out for their political opinions if they returned to the Philippines. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029–30 (9th Cir.2000).

■ Because the petitioners failed to meet the standard for asylum, they also fail to meet the higher standard for withholding of removal. *Rivera–Moreno v. INS,* 213 F.3d 481, 487 (9th Cir.2000).

### PETITIONS FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

